[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the doings of the Police Commission of the Town of Fairfield pursuant to the provisions of Connecticut General Statutes, Section 14-313. The pertinent provisions thereof as it relates to the factual issues of the instant litigation provide as follows:
 Any person aggrieved by any order or regulation made by any traffic authority under the provisions of this chapter, . . . the establishment of parking restrictions . . ., or by the performance of any act pursuant to any provisions of this chapter, may take an appeal therefrom to the . . . Superior Court for the judicial district in which it is located. Such appeal shall be to the next CT Page 6863 session of such court. Upon such hearing, such court . . . shall determine whether the order or regulation appealed from is reasonable, and shall thereupon sustain or revoke such order or regulation.
In view of the testimony proferred by the plaintiff as well as that of at least one of the Commissioners of the Police Board the court finds that plaintiff is aggrieved by the action of the Board and is properly entitled to bring this appeal.
The plaintiff's appeal herein is comprised of a complaint and amended complaint, and the latter being pretty much of a restatement or substitute for the original complaint, the Court will regard the amended complaint as the exclusive instrument of appeal. Especially so, since the defendant's responsive pleading is directed only to that latter pleading.
In its answer, the defendant has effectually denied all of the essential allegations of the amended complaint, admitting only that the Board is an administrative body responsible for the . . . restricting of the parking of motor vehicles. . . within the Town of Fairfield.
Succinctly stated the amended complaint alleges that the plaintiff is a resident of the Town and is the owner of an eating and drinking establishment in Fairfield now known as the Seagrape Cafe.
The Cafe is situated on Reef Road, and directly across from Fairfield Beach Road. These business premises were in existence under various names for over 50 years, and were dependent on off-street parking which was not restricted in any way.
In 1986, after plaintiff became the owner of the Cafe, the defendant voted to eliminate street parking on the south side of Fairfield Beach Road commencing with its intersection at Reef Road, directly across from the Cafe, by the use of No Parking Signs.
On or about the same time the defendant voted to eliminate parking on Reef Road, beginning at the above-mentioned intersection and ending approximately 800 feet from that point.
On or about August 9, 1989, the defendant by votes, similarly eliminated parking on the west side of Reef Road, from One Rod Highway to Fairfield Beach Road, between the hours of 8:00 P.M. and 6:00 A.M.
The plaintiff seeks the court's intervention alleging that CT Page 6864 the action of the Board is arbitrary, capricious, and an abuse of discretion, and more pointedly, within the parameters of the statute which creates this right of appeal, to one who is aggrieved, that its action is unreasonable.
Interestingly, the relief prayed for by virtue of the amended complaint, requests this court to revoke the defendant's order prohibiting parking along the west side of Reef Road, and to prohibit the posting of no-parking signs along Reef Road. It would appear that the sole issue for resolution of the Court is whether or not the doings of the Board are reasonable within the purview of the circumstances that prompted it to enunciate the regulations which it did.
The testimony discloses that the plaintiff is the owner of real property in the Town of Fairfield known as 1144 Reef Road.
There is situated on this property a bar and cafe business for approximately 50 years, although the plaintiff has only owned the subject premises since sometime in 1983.
Reef Road is a major thoroughfare running from the Post Road, in the business center of the Town, to the south where it meets with Fairfield Beach Road.
It is at this point of intersection that the land and business of the plaintiff is situated, and there has been no restricted parking in the immediate area for many years, until 1989.
It would appear from an examination of the evidentiary map, that Reef Road is about one mile or more in length, and about 36 feet wide.
Neither of those roads is exclusively residential and are interspersed with commercial and other non-conforming uses.
The plaintiff has only 16 on-site parking spaces, and is and would be affected in the conduct of his business if on-street parking were unreasonably restricted.
In 1989 a resident of the immediate neighborhood, living on Reef Road, requested that the Police Commission restrict parking on one side of Reef Road, commencing in the area of One Rod Highway to Fairfield Beach Road. The distance between these two points is extremely small as it relates to the overall length of Reef Road; perhaps 800 feet +/-.
It is not disputed that the Commission is charged with being the traffic authority for the Town and is comprised CT Page 6865 entirely of citizens and residents who give of their time and energies without compensation.
It was suggested to this resident, a Mr. Van Amburg, that "he put together a petition of the area residents with regard to the feelings on this proposal."
On July 26, 1989 a letter was directed to Commissioner John Falon, entitled re: "Public Safety, Lower Reef Road," and enclosing therein a "Letter of Request," which the court presumes is the petition suggested by the Commission.
The Court includes the text of the letter in this memorandum of decision, excluding signatures so that it can more readily determine from it whether its "request" warranted in any degree of reasonableness the results which the Commission created by its regulation and in response thereto.
Letter of Request
July 18, 1989
We, the undersigned residents of Reef Road, between One Rod Highway and Fairfield Beach Road, in the town of Fairfield, Connecticut, do hereby request that the Police Commission explore the possibility of restricting parking to only one side of Reef Road between One Rod Highway and Fairfield Beach Road, either by local or on a time basis.
We ask that this be done as we feel that during the night time periods, a public safety hazard exists for the following reasons:
1. Traffic congestion along with bumper to bumper on street parking during certain hours, impairs access for Fire Department response as well as other emergency services to our homes along this section of Reef Road.
2. Reef Road is the main and most direct route for emergency services such as the Fire Department, to the western end of Fairfield Beach Road. Traffic congestion and bumper to bumper on street parking, with back ups to One Rod Highway, jeopardizes and could result in delays to those residents also.
3. Traffic and present parking in this area would make it impossible for a number of Fire Department vehicles to pass each other and position themselves at the same time in the event of a large, fast spreading marsh fire, which is a common occurrence.
4. During the periods when traffic and parking are excessive, CT Page 6866 large groups of people can be found walking and gathering in the streets, further making access, as well as driving by the public, quite impossible and dangerous.
5. Crowding around parked vehicles during and after the large parties that have plagued the area, further obstructs passage through lower Reef Road, as well as being a source of noise and litter such be broken beer bottle, etc.
6. The high density of both people and structures in this portion of Reef Road, along with the close proximity of homes to each other, make it all the more vital for unimpaired or undelayed access for Fire Department services.
It should be noted, again, that generally the congestion and access problems occur at night for various reasons. With that in mind, we ask that use of restricted parking based on a time period, much like the parking restrictions implemented on streets surrounding Fairfield High School, be given special consideration.
We feel that restricted parking on one side of the street during these critical periods, would greatly help improve both access and safety hazards that now exist, yet still allow street parking on both sides during the non critical daytime hours.
Thereafter, on August 2, 1989, three commissioners, together with a member of the Police Department, visited the Reef Road area. This visit took only a matter of minutes, and occurred between 9:00 A.M. and 12:00 A.M.
This was the customary method of conducting a survey, which later that day was reported to the full commission so it could act on any recommendations to be made, or regulations to be promulgated.
It is to be noted that none of the Commissioners who participated in the "survey", including the accompanying police officer possessed any special traffic expertise.
As a result of this "survey" if it can be generously construed as such — as brief as it was and occurring only in the morning hours, (i.e., 9:00 A.M. to 12:00 Noon), the three commissioners opined to the full Commission that parking be restricted on the west side of Reef Road, beginning at a point from One Rod Highway to Fairfield Beach Road.
The restriction thus recommended was to be imposed between the hours of 8:00 P.M. and 6:00 A.M, for the entire year, and seasonal changes which would normally affect traffic and parking CT Page 6867 were not considered.
The records of the Commission further reflect that a further condition was to attach, before the restriction was to become effective, namely "if a petition reflecting a consensus of the residents is received."
The restriction was gratuitously brought into existence, but was held in abeyance until such time as a "petition" was received indicating a residential consensus.
The Court examines with interest the 6 reasons which comprise the so-called "petition" to the Board, and notice that two of them have nothing to do with "Public Safety on lower Reef Road."
The remaining reasons in essence claim that parking in the area, i.e., the west side of Reef Road, from One Rod Highway to Fairfield Beach Road presents a hazard to the Fire Department, as well as any other emergency vehicles.
Interestingly enough, there is nothing in the record which was available to the Court showing any notice, officially or otherwise from any of these departments that they had experienced any difficulties in the performance of their duties that required assistance from the Commission by the imposition of parking restrictions.
The testimony reveals that none of the signers of the petition appeared in court to testify that they were possessed of any traffic or parking expertise.
Nor did any of the signers appear in court to substantiate the claims outlined in their "petition."
The Court notes further that the area which this commission now seeks to restrict is but a minuscule segment of Reef Road. There was no testimony, expert or otherwise, that a parking restriction fastened on this small strip of road, could cure the problems which were complained of, if in fact there were any at all.
A further examination of the petition discloses that this plaintiff was not a signer. He was not a signer, nor was he apprised that a petition was being circulated that would, in fact, affect his cafe business.
The Court infers from the contents of the petition, that it was not motivated by any considerations of public safety whatsoever. CT Page 6868
The Court is of the opinion that it was aimed at the business of the plaintiff, with an ulterior desire to so restrict or limit it that it might hopefully vanish from the neighborhood.
As indicated above, there is no question but that the Commission is the properly and legally established traffic authority for the Town of Fairfield.
However, that authority is and should be limited to problems of the Town as they relate to traffic and parking.
It ought not to be extended in any way, beyond those functions, nor should it become a vehicle to accomplish some objective not designed to fit within those parameters, i.e., traffic or parking control.
The restrictions created herein, it would appear to this Court, were not designed to regulate parking or traffic in response to any overall public need.
The Court is of the opinion that the objectives of the petition-signers, questionably captioned "public safety" was primarily designed and intended to regulate, restrict, or adversely affect the plaintiff's business, which had been in this location for about 50 years.
A further study of the so-called petition indicates that the regulation or restriction was not at all responsive to the "public safety" caption which was attached, nor to any of the 6 reasons given, for the need to restrict traffic or parking.
Any reasonable person should be quick to recognize that the underlying motive of the circulated petition was not to regulate parking — but more pointedly to restrict or regulate the plaintiff's business.
There was no testimony — expert or otherwise — as to how the eventual parking restriction between One Rod Highway and Fairfield Beach Road — and only on its westerly side, and being so small in size, could realistically solve the problems — if any — of the petition signers.
The Court is at a loss to learn how the parking restriction which was imposed for the limited hours of 8:00 P.M. to 6:00 A.M. could affectually solve any problems indicated by the signers of the petition.
Even beyond this imposition, the Commission which CT Page 6869 restricted parking between the hours of 8:00 P.M. and 6:00 A.M. never observed the area during those time limits nor did it include those hours in its survey."
It becomes increasingly obvious that the underlying purpose of the petition and the subsequent conduct of the commission was more directly concerned with the regulating, adverse or otherwise, of the business of the plaintiff.
The Court would hold that this is an objective for which the traffic commission was not empowered, unless the regulation corrected an obvious public need or purpose. This has not been shown by any of the available testimony.
The Court holds that the actions of the Defendant Commission were unreasonable, and the order prohibiting parking along the west side of Reef Road between One Rod Highway and Fairfield Beach Road is revoked, and any signs so authorized by the Defendant Commission to accomplish that purpose are likewise ordered to be removed.
Milton J. Herman State Trial Referee